UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| BRANDON KEITH EVANS, ) <br> ) <br>              Plaintiff, ) <br>    vs. ) <br> ) <br> WILSON BERNALES, *et al.*, ) <br> ) <br>            Defendants. ) <br> ) | Case No.: 2:21-cv-02247-GMN-VCF <br><br> **ORDER** |

Pending before the Court is the Motion to Dismiss, (ECF No. 15), filed by Defendants Wilson Bernales, Ben Gutierrez, Michael Minev, Nonilon Peret, and Julie Williams (collectively, "Defendants"). Plaintiff Brandon Keith Evans ("Plaintiff") filed a Response, (ECF No. 20),[1] to which Defendants filed a Reply, (ECF No. 21). For the reasons discussed below, Defendants' Motion to Dismiss is **GRANTED in part and DENIED in part**.[2]

**I.     BACKGROUND**

This case arises from Defendants' alleged deliberate indifference to Plaintiff's serious medical needs while he was incarcerated at High Desert State Prison ("HDSP"). (Screening Order 3:17–18; 10:4–6, ECF No. 6). Plaintiff alleges that he suffers from severe fibromyalgia that causes him extreme, full-body pain. (FAC at 5, ECF No. 5). Before he was incarcerated, Defendant was diagnosed with fibromyalgia by three different doctors. (Screening Order 4:5–10). One of these doctors prescribed a variety of treatments for Plaintiff, including eating a

---

[1] In light of Plaintiff's status as a *pro se* litigant, the Court has liberally construed his filings, holding him to standards less stringent than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

[2] Also pending before the Court is Plaintiff's Motion for Enlargement of Time, (ECF No. 17). Plaintiff requested additional time to respond to Defendants' Motion to Dismiss because he had limited access to the law library in prison. (Mot. Enlargement of Time 3:10–12). Defendants did not oppose Plaintiff's request. (Resp. Mot. Enlargement of Time 1:22–23, ECF No. 19). Accordingly, the Court **GRANTS** Plaintiff's Motion for Enlargement of Time *nunc pro tunc*.

gluten-free diet. (*Id.* 4:8–10; 5:14–15). When he was incarcerated at HDSP, Plaintiff informed the intake nurse about his condition and was told that he would soon see a doctor for a complete exam and could discuss it then. (*Id.* 4:11–12).

Plaintiff has seen several doctors and nurse practitioners at HDSP, including Defendant Dr. Wilson Bernales. (*See id.* 4:13–7:11). Despite numerous requests for treatment of his condition, the only treatment Plaintiff received at HDSP was Tylenol, which was not effective in treating his pain. (*Id.* 5:1–17). And, Plaintiff has received only one single packet of Tylenol. (*Id.* 5:6–7). Plaintiff has also been unable to get a gluten-free diet order from a medical provider at HDSP, which is the only way to receive food on that diet from culinary. (*Id.* 5:15–17). After pursuing the grievance process, Plaintiff filed his Complaint in this Court. (*Id.* 4:23–7:11). Following the Court's Screening Order, the sole remaining claim is Plaintiff's Eighth Amendment claim for deliberate medical indifference to his fibromyalgia condition.[3] (*See generally id.*).

II.     **LEGAL STANDARD**

Dismissal is appropriate under Rule 12(b)(6) where a pleader fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A pleading must give fair notice of a legally cognizable claim and the grounds on which it rests, and although a court must take all factual allegations as true, legal conclusions couched as factual allegations are insufficient. *Twombly*, 550 U.S. at 555. Accordingly, Rule 12(b)(6) requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its

---

[3] Plaintiff correctly notes that the standard applied in the Court's Screening Order is analogous to the standard applied in a Motion to Dismiss under Rule 12(b)(6). (Resp. at 9–10, ECF No. 20). Unlike when a court considers a plaintiff's claims for screening purposes, however, when a court considers the claims at the motion to dismiss stage, the defendants may present a legal argument. Therefore, a claim that survives a screening order will not necessarily survive a motion to dismiss.

face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* This standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

If the court grants a motion to dismiss for failure to state a claim, leave to amend should be granted unless it is clear that the deficiencies of the complaint cannot be cured by amendment. *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992). Pursuant to Rule 15(a), the court should "freely" give leave to amend "when justice so requires," and in the absence of a reason such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

### III. DISCUSSION

Defendants move to dismiss Plaintiff's Amended Complaint on the following grounds: (1) Plaintiff cannot establish that fibromyalgia is an objectively serious medical need; (2) Plaintiff cannot establish that Dr. Bernales was deliberately indifferent; (3) Plaintiff cannot establish that the grievance responders were deliberately indifferent; and (4) Defendants are entitled to qualified immunity. (*See generally* Mot. Dismiss, ECF No. 15). The Court addresses each argument in turn.

**A. Deliberate Indifference**

To bring a successful Eighth Amendment claim under a deliberate indifference theory, Plaintiff must show (1) that he suffers from an objectively serious medical need, and (2) that the prison official defendant subjectively "[knew] of and disregarded an excessive risk to inmate health and safety.". *Colwell v. Bannister*, 763 F.3d 1060, 1066 (9th Cir. 2014). Mere ///

negligence is not sufficient to establish a claim for deliberate indifference. *Farmer v. Brennan*, 511 U.S. 825, 835 (1994).

### 1. Objectively Serious Medical Need

For Plaintiff to be successful in his Eighth Amendment claim, he must establish that treatment for fibromyalgia is an objectively serious medical need. *Id.* at 834. The Ninth Circuit has "identified three situations in which a medical need is serious," namely: "(1) '[t]he existence of an injury that a reasonable doctor or patient would find important and worthy of comment of treatment'; (2) 'the presence of a medical condition that significantly affects an individual's daily activities'; or (3) 'the existence of chronic and substantial pain.'" *Egberto v. Nev. Dep't of Corr.*, 678 Fed. Appx. 500, 503, 2017 WL 476577 (9th Cir. 2017) (quoting *McGuckin v. Smith*, 974 F.2d 1050, 1059–60 (9th Cir. 1992), *overruled in part on other grounds by WMX Techs., Inc. v. Miller*, 104 F.3d 1133 (9th Cir. 1997) (en banc)).

"The Court recognizes that fibromyalgia is a serious medical condition[.]" *Williams v. Mansour*, No. 2:20-cv-0616 DB P, 2020 WL 6682849, at *4 (E.D. Cal. Nov. 12, 2020). Plaintiff alleges the presence of a medical condition significantly affecting his daily activities and the existence of chronic and substantial pain. (Resp. 8:20–26, ECF No. 20). Specifically, Plaintiff contends that his fibromyalgia "causes [him] extreme full-body pain" that "often limits [his physical activity]" and "causes extreme fatigue," making it nearly impossible for him to sleep or work.[4] (FAC at 5).

Rather than challenge Plaintiff's allegations under the extensive Eighth Amendment case law discussing whether a medical need is serious, Defendants rely on Ninth Circuit decisions pertaining to social security, which note the difficulty of objectively measuring

---

[4] Plaintiff provided a printout from WebMD explaining the causes and symptoms of fibromyalgia as an exhibit attached to his Amended Complaint. (WebMD Page, Ex. H1, FAC at 63, ECF No. 5). "Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990). "However, material which is properly submitted as part of the complaint may be considered." *Id.*

fibromyalgia and similar diseases. (ECF No. 15, 5:15-28–6:1-4). In *Byrnes v. Shalala*, the Ninth Circuit explained that the "existence and severity of pain[] are subjective phenomena, the extent of which cannot be objectively measured." 60 F.3d 639, 642 (9th Cir. 1995). For that reason, the Ninth Circuit held that a claimant seeking social security benefits "must produce objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged." *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996). Similarly, in *Benecke v. Barnhart*, the Ninth Circuit stated, "[f]ibromyalgia's cause is unknown, there is no cure, and it is poorly-understood within much of the medical community. The disease is diagnosed entirely on the basis of patients' reports of pain and other symptoms." 379 F. 3d 587, 590 (9th Cir. 2004); *see also Murry v. Apfel*, 201 F.3d 444 (9th Cir. 1999).

The Court acknowledges the difficulties in objectively measuring or diagnosing fibromyalgia. But the Court finds Defendants' reliance on these cases disingenuous. First, Defendants fail to note the procedural and substantive differences between the social security cases they cite and the Eighth Amendment claim at hand. In these social security cases, courts are evaluating whether someone is entitled to an award of disability benefits. *See Benecke*, 379 F.3d at 589. When a plaintiff claims deliberate indifference to a serious medical need, however, courts must determine whether the plaintiff received adequate medical care. Defendants' conflation of the right to disability benefits and the right to medical care is unpersuasive.

Moreover, Defendants ignore case law in which courts acknowledge fibromyalgia as a serious medical need in the Eighth Amendment context. *See, e.g.*, *Williams*, 2020 WL 6682849, at *4 ("The Court recognizes that fibromyalgia is a serious condition, but plaintiff's allegations against these suggest, at best, a difference of opinion as to the proper course of treatment for plaintiff's condition and, at worst, negligence or even medical malpractice. They do not, however, suggest deliberate indifference."); *Cody v. Beard*, No. 1:14-cv-01239-DAD-BAM-

PC, 2017 WL 3315184, at *11 (E.D. Cal. Aug. 3, 2017) (suggesting that whether plaintiff's fibromyalgia objectively presented serious medical need was triable issue of fact). Indeed, "it is well established that 'the existence of chronic and substantial pain'—such as pain associated with neuropathy [and fibromyalgia]—is a serious medical need because the failure to treat it could lead to the unnecessary and wanton infliction of pain contrary to contemporary standards of decency." *Nall v. Adamson*, No. 3:19-cv-00054-MMD-CLB, 2021 WL 5541932, at *4 (D. Nev. Sept. 21, 2021), *report and recommendation adopted sub nom. Nall v. Anderson*, No. 3:19-cv-00054-MMD-CLB, 2021 WL 4935966 (D. Nev. Oct. 22, 2021) (quoting *Colwell v. Bannister*, 763 F.3d 1060, 1066 (9th Cir. 2014)). Accordingly, the Court rejects Defendants' argument that Plaintiff's fibromyalgia is not a serious medical need and finds that Plaintiff has adequately alleged an objectively serious medical need.

### 2. Defendant Dr. Wilson Bernales

The Court next addresses whether Plaintiff has sufficiently plead that Dr. Bernales, the only Defendant who allegedly treated Plaintiff, was deliberately indifferent. Defendants assert that Plaintiff fails to allege facts demonstrating the Dr. Bernales knew of and disregarded an excessive risk to Plaintiff's health or safety. (Mot. Dismiss 6:10–13). Additionally, Defendants argue that Dr. Bernales "lacks the requisite subjective awareness required to establish deliberate indifference." (*Id.* 6:15–16).

Plaintiff alleges that Dr. Bernales cut him off every time he tried to speak and wouldn't listen to his medical problems. (FAC at 14). Despite Plaintiff's best efforts to explain his condition, Dr. Bernales did not ask him any questions regarding his condition, did not let him continue to explain how severe his pain was, never performed any physical exam, and never prescribed any treatment. (*Id.* 13–15).

The Court finds that Plaintiff has sufficiently alleged that Dr. Bernales knew of and disregarded Plaintiff's condition. Plaintiff alleges that he told Dr. Bernales about his condition

numerous times, and Dr. Bernales ignored his complaints. Taking these allegations as true, Dr. Bernales' failure to provide any treatment or a physical exam was "medically unacceptable under the circumstances," and Dr. Bernales chose not to act "in conscious disregard of an excessive risk to [Plaintiff's] health." *Hamby v. Hammond*, 821 F.3d 1085, 1092 (9th Cir. 2016) (quoting *Snow v. McDaniel*, 681 F.3d 978, 988 (9th Cir. 2012), *overruled in part on other grounds by Peralta v. Dillard*, 744 F.3d 1076 (9th Cir. 2014)).

### 3. Grievance Responder Defendants

Plaintiff alleges that Defendants Peret, Gutierrez, Williams, and Minev were deliberately indifferent because they ignored Plaintiff's grievances. (Screening Order 8:14–15); (*see generally* FAC 11–12; 15–18). But "[i]n order to be liable under § 1983 a prison official must have done something more than fail to correct an alleged violation brought to their attention in a grievance after the violation has occurred." *Hardney v. Moncus*, No. 2:15-cv-1842-KJM-ACP, 2016 WL 7474908, at *6 (E.D. Cal. Dec. 28, 2016). Plaintiff's Amended Complaint does not allege anything more than the Grievance Responder Defendants' duty to respond to his grievances. Accordingly, the Court GRANTS Defendants' Motion to Dismiss as to Defendants Peret, Gutierrez, Williams, and Minev without prejudice.

### B. Qualified Immunity

"The doctrine of qualified immunity protects government officials 'from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (citation omitted). Thus, to overcome a claim of immunity, Plaintiff must plead "facts showing (1) that the official violated a statutory or constitutional right, and (2) that the right was 'clearly established' at the time of the challenged conduct." *Ashcroft v. al-Kidd*, 563 U.S. 731, 741 (2011). A right is "clearly established" when "'[t]he contours of [a] right [are] sufficiently clear' that every 'reasonable official would have understood that what he

is doing violates that right.'" *Jones v. Las Vegas Metro. Police Dep't*, 873 F.3d 1123, 1130 (9th Cir. 2017) (quoting *al-Kidd*, 563 U.S. at 741).

Although courts may consider a qualified immunity defense raised in a motion to dismiss, determining claims of qualified immunity at this stage "raises special problems for legal decision making." *NAACP of San Jose/Silicon Valley v. City of San Jose*, 562 F. Supp. 3d 382, 395 (N.D. Cal. 2021) (quoting *Keates v. Koile*, 883 F.3d 1228, 1234 (9th Cir. 2018)). "On the one hand, [courts] may not dismiss a complaint making a claim to relief that is plausible on its face." *Keates*, 883 F.3d at 1234 (internal quotation marks omitted). "But on the other hand, defendants are entitled to qualified immunity so long as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Id.* at 1234–35 (internal quotation marks omitted).

Here, the Court has already determined that Plaintiff's claim of deliberate indifference against Dr. Bernales is plausible. To argue qualified immunity, Defendants broadly assert that Plaintiff "cannot show that Defendants violated any right, much less a right that was clearly established." (Mot. Dismiss 9:3–4). But a "qualified immunity analysis often turns on the specific facts of each alleged violation," facts that are not yet developed before the Court. *See NAACP of San Jose/Silicon Valley*, 562 F.Supp.3d at 396. Accordingly, the Court DENIES Defendants' Motion as to the qualified immunity defense. This ruling does not preclude Defendants from raising qualified immunity at a later stage in this litigation. *See id.* ("[T]he court finds that the qualified immunity arguments are better suited to summary judgment.").

## V. CONCLUSION

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss, (ECF No. 15), is **GRANTED in part and DENIED in part**.

**IT IS FURTHER ORDERED** that Plaintiff's claims against Defendants Ben Gutierrez, Michael Minev, Nonilon Peret, and Julie Williams are **DISMISSED without prejudice**.

**IT IS FURTHER ORDERED** that if Plaintiff seeks to amend the claims dismissed without prejudice in this Order, Plaintiff shall have forty-five days from the date of this Order to do so.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Enlargement of Time, (ECF No. 17), is **GRANTED** *nunc pro tunc*.

**DATED** this __6__ day of July, 2023.

_____
Gloria M. Navarro, District Judge
UNITED STATES DISTRICT COURT